IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LAMAR McCOY, #243521,  :

    Plaintiff,  :

vs.  :  CIVIL ACTION 19-00581-JB-B

MONROE COUNTY SHERIFF'S  :
DEPARTMENT, *et al.*,
    :

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff Lamar McCoy, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Upon review, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because Plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted. However, within the time period for filing objections to this Report and Recommendation, McCoy is granted leave to file an amended complaint that states a plausible claim.

**I. Amended Complaint. (Doc. 4).**

The operative complaint in this action is a Court-ordered

amended complaint,[1] in which McCoy names as Defendants Monroe County Sheriff's Department (Sheriff's Department), the State of Alabama (State), the Alabama Department of Corrections (ADOC), Monroe County, Alabama (Monroe County), and the Monroe County Courthouse (Courthouse). (Doc. 4 at 5). According to McCoy, his false imprisonment claims against the Sheriff's Department arose on March 5, 2004; his claims against the Monroe County Courthouse arose on August 25, 2005; and his claims against the ADOC arose on November 8, 2005.[2] (Id.).

McCoy alleges that, on March 5, 2004, the Sheriff's Department arrested him on a warrant that was signed by someone other than the magistrate, William Causey, or the sheriff, Thomas Tate. (Id. at 4). He further asserts that, at the time he was arrested, authorities threw him "in the county," despite him giving evidence that proved his innocence. (Id. at 5). According to McCoy, he was convicted of first-degree rape on August 25, 2005 and received a life sentence. (Id. at 6). Then, in 2018, he discovered that the warrant was "fake," and notified the magistrate and others.

---

[1] When the Court ordered McCoy to file an amended complaint, he was advised that his amended complaint would replace the original complaint; therefore, he was not to reference nor attempt to incorporate by reference his original complaint. (Doc. 3 at 3-4).

[2] McCoy asserts that he has been incarcerated for the past fourteen years.

2

(Id.). For relief, McCoy requests to be released, to be awarded "$7,000 trillion dollars," and to have the ADOC condemned. (Id. at 7).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because McCoy is proceeding *in forma pauperis*, the Court is reviewing his amended complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[3] A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327, 109 S. Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial

---

[3] Neitzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). Bilal v. Driver, 251 F.3d 1346,1348-49 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).

3

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." GJR Inv., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by* Iqbal, 556 U.S. 662 (2009). Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681, 129 S. Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the

4

Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

The disposition of McCoy's amended complaint turns on the entities that he has named as Defendants. The Court will address the entities and the pleading problems with each, in turn.

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a *person* acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) (emphasis added) (citation omitted). In a § 1983 action, the State of Alabama and its "arms" are not considered "persons." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). The ADOC is an "arm" of the State of Alabama and, therefore, is not a "person" that may be sued under § 1983. Alabama v. Pugh, 438 U.S. 781, 782, 98 S. Ct. 3057, 3057-58, 57 L.Ed.2d 1114 (1978) (the Alabama Board of Corrections is a part of the State); see ALA. CODE § 14-1-1.1 (The ADOC is the successor to the Board of Corrections). Inasmuch as the State and the ADOC are not "persons" for § 1983 purposes, McCoy's claims against the State and the ADOC are frivolous as a matter of law.

Furthermore, the Eleventh Amendment "prohibits federal courts from entertaining suits by private parties against States and their agencies" in the absence of a state's consent. Alabama v. Pugh, 438 U.S. 781, 781, 98 S. Ct. 3057, 3057, 57 L.Ed.2d 1114 (1978) (ruling that the Eleventh Amendment barred an action against the State). The two exceptions to a state's sovereign immunity are if the state has waived its immunity, or Congress has abrogated the state's immunity. Virginia Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 253-54, 131 S. Ct. 1632, 1637-38, 179 L.Ed.2d 675 (2011); Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990). Alabama, though, has not waived its Eleventh Amendment immunity. Pugh, 438 U.S. at 782, 98 S. Ct. at 3057-58 (finding that Article I, § 14, of the Alabama Constitution prohibits Alabama from giving its consent, and, therefore, Alabama was entitled to Eleventh Amendment immunity); Lancaster v. Monroe Cnty., Ala., 116 F.3d 1419, 1429 (11th Cir. 1997) (holding that Alabama has not waived its Eleventh Amendment immunity), *overruled on other grounds by* LeFrere v. Quezada, 588 F.3d 1317, 1318 (11th Cir. 1997). Nor has Congress in § 1983 abrogated a state's Eleventh Amendment immunity. See Carr, 916 F.2d at 1525 (citing Quern v. Jordan, 440 U.S. 332, 345(1979)); Sessions v. Rusk State Hosp., 648 F.2d 1066, 1069 (5th Cir. June 26, 1981).[4] For these alternate

---

[4] The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d

6

reasons, the claims against the State and the ADOC are frivolous as a matter of law.

Turning to Defendant Sheriff's Department, under Alabama law, a "Sheriff's Department is not a legal entity and, therefore, is not subject to suit or liability under section 1983." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). That is, a sheriff's department is not usually considered a legal entity subject to suit. Id. The "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Id. (quoting FED.R.CIV.P. 17(b)). Under Alabama law, a "sheriff's department lacks the capacity to be sued." Id. Thus, the claims against the Sheriff's Department are frivolous as a matter of law.

Similarly, the Monroe County Courthouse is not an entity that can be sued. Williams v. Monroe Cnty. Dist. Attorney, 702 Fed. Appx. 812, 813-14 (11th Cir.) (the district court did not err in dismissing claims against the courthouse which is a building),[5] cert. denied, 138 S. Ct. 1319 (2018). Moreover, if McCoy had intended to sue the court instead of the courthouse, a court is

---

1206, 1209 (11th Cir. 1981), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[5] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

7

also not considered a "person" who can be sued under 42 U.S.C. § 1983. Moity v. La. Bar Ass'n, 414 F. Supp. 180, 182 (D.C. La.) (state courts are not considered "persons" within the meaning of § 1983), aff'd, 537 F.2d 1141 (5th Cir. 1976); Foster v. Walsh, 864 F.2d 416, 418 (6th Cir. 1988) (citing cases to the same); Harris v. Elmore Cnty. D.A. Office, 2013 WL 1084294, at *1 (M.D. Ala. 2013) (unpublished). Due to the courthouse's lack of a legal existence, any claims against the courthouse are frivolous as a matter of law.

The remaining Defendant is Monroe County. Unlike the other named Defendants, Monroe County is considered a "person" under § 1983. Williams v. Monroe Cnty. Dist. Attorney, 702 Fed. Appx. at 814. However, "[t]o impose § 1983 liability on a municipality, a plaintiff must show that the municipality had a custom or policy that constituted deliberate indifference to his constitutional rights and caused a violation of those rights." Id. A municipality may only be held liable for acts for which it is actually responsible. Id. In the instant case, no allegations are present describing a policy or custom of Monroe County that caused McCoy to suffer a constitutional deprivation. Thus, based on his allegations, McCoy has failed to state a claim against Monroe County upon which relief can be granted.

8

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because Plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted.  However, within the time period for filing objections to the Report and Recommendation, **McCoy is granted leave to file an amended complaint that states a plausible claim, that is, a claim upon which relief may be granted.** See Lee v. Alachua Cnty., Fla., 461 Fed. Appx. 859, 860 (11th Cir. 2012) (requiring that a *pro se* litigant be given one chance to amend a complaint that fails to state a claim before dismissing the complaint, but recognizing that an amendment will not be allowed if it is futile, that is, subject to being dismissed or to summary judgment).

In the event that McCoy elects to file an amended complaint, he is advised that he will not be able to obtain his release in a § 1983 action, such as this. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995). A habeas corpus action must be brought in order to obtain the remedy of release. Id. "'[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier

9

release.'" Id. (quoting Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973)).

Furthermore, "'in order to recover damages [in a § 1983 action] for allegedly unconstitutional conviction or imprisonment, . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . .'" Id. (quoting Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372, 129 L.Ed.2d 383 (1994)). A § 1983 action that is brought *prior* to invalidation of the challenged conviction or sentence will be dismissed as premature. Id. However, a plausible claim that would not have the effect of invalidating a conviction or sentence is allowed to proceed absent "some other bar to the suit." Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372-73, 129 L.Ed.2d 383 (1994).

If McCoy elects to file an amended complaint, he shall use the Court's § 1983 complaint form and not reference or seek to incorporate by reference his prior complaints filed in this action. An amended complaint will be subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk is **DIRECTED** to send a § 1983 complaint form to Plaintiff.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or

refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **13th** day of **February, 2020.**

                                              **/s/ SONJA F. BIVINS**
                                     **UNITED STATES MAGISTRATE JUDGE**